# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re** | : | Chapter 7 |
| **Bruno Marco Carbone** | : | |
| Debtor | : | Case No. 18-13852 (JKF) |
| _____ | | |
| **John Antonucci** | : | |
| Plaintiff | : | |
| v. | : | |
| **Bruno Marco Carbone** | : | |
| Defendant | : | Adv. No. 19-0178 (JKF) |
| _____ | | |

# MEMORANDUM OPINION

*Introduction*

The Plaintiff has sued the Debtor to revoke the discharge granted him. The Debtor now moves for dismissal of the complaint under F.R.C.P. 12(b)(6).[1] For the reasons which follow, the Motion will be granted.[2]

---

[1] Made applicable to adversary proceedings by B.R. 7012(b).

[2] As this proceeding seeks revocation of a discharge, it is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(J) (listing objections to discharge among core proceedings); *In re Graham*, 2007 WL 1080430, at *3 (Bankr. D. Mont. Apr. 5, 2007) (holding that a proceeding for revocation of a discharge obtained by fraud is a core proceeding)

1

*Ground for Dismissal*

The Defendant's motion offers two reasons why the Complaint should be dismissed. First, the request is precluded by this Court's denial of an earlier motion to revoke filed in the main case. Second, even if these claims are not precluded, neither count states a cause of action.

*Preclusion and*
*Motions to Dismiss*

The Defendant maintains that the motion must be dismissed under applicable doctrines of preclusion. They rely here on res judicata which, although an affirmative defense, may be raised on a motion to dismiss for failure to state a claim if the defect appears on the face of the pleading. *See Brody v. Hankin,* 299 F.Supp.2d 454, 458 (E.D.Pa.2004) *rev'd on other grounds* 145 Fed.Appx. 768 (3d Cir.2005) ("Although it is an affirmative defense, res judicata may be raised in a Rule 12(b)(6) motion and such a motion is particularly appropriate if the defense is apparent on the face of the complaint." *citing Rycoline Prod's. v. C & W Unlimited,* 109 F.3d 883, 886 (3d Cir.1997); *In re Faust*, 353 B.R. 94, 101 (Bankr. E.D. Pa. 2006). Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same "cause of action" as the first suit. *See In re Mullarkey,* 536 F.3d 215, 225 (3d Cir.2008). A party seeking to invoke res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quotation marks omitted). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *Id.*

Upon reading the complaint,[3] the Court immediately recalled that in the main bankruptcy case, it denied Mr. Antonucci's earlier motion revoke the Defendant's discharge. That prompted the Court to review its ruling to determine if—as Defendant maintains—the claims in this complaint have already been adjudicated. *See In re RIH Acquisitions NJ, LLC*, 551 B.R. 563, 565 (Bankr. D.N.J. 2016) citing *Rashid v. Kite,* 934 F.Supp. 144, 146 (E.D.Pa.1996) (observing that the court may also take into account matters of public record and orders and items appearing in the record of the case when considering a motion to dismiss under Rule 12(b)(6)). The earlier motion to revoke alleged fraud in the Defendant's schedules as the basis for revoking the discharge. Specifically, Mr. Antonucci charged the Defendant with:

- mischaracterizing the status of a legal proceeding against him,
- fraudulently transferring an asset to his wife,
- failing to disclose mineral rights owned by one of his businesses, and
- stating that his construction business was defunct when it was still operating.

*See* Am. Mot. to Vacate, ¶¶ 6-14.

In denying that motion, the Court found that Mr. Antonucci met neither requirement for revoking a discharge under the applicable Bankruptcy Code section: 727(d)(1).[4] The Court found no evidence that the Defendant procured that discharge

---

[3] The first and second elements of res judicata are met. First, the order denying the motion to revoke discharge is a final order because it deals with a core bankruptcy matter. *See* 28 U.S.C. § 157(b)(2)(J); *In re Portnoy*, 2017 WL 3141186, at *3 (E.D. Pa. July 24, 2017) ("Section 157(b)(1) authorizes bankruptcy courts to enter final orders and judgments in core proceedings.") Second, the same parties are involved in this proceeding.

[4] The motion proceeded under § 727(a) (denial of discharge); however, because the discharge had already been granted it was analyzed under § 727(d) which deals with revocation of discharge.

3

through fraud or that Mr. Antonucci first learned of the fraud after the discharge had been granted. *See* Order Denying Motion to Revoke Discharge, p. 7.

While Mr. Antonucci's Motion was denied, the allegations in it appeared to have prompted the Trustee to inquire into at least one of the instances of fraud alleged in the Motion: the Defendant's transfer of his residence in Norristown from himself to himself and his wife, by the entireties, and for consideration of $1. The Trustee filed an adversary proceeding to avoid that transfer as a fraudulent conveyance. In the pretrial phase of that litigation, the Trustee undertook discovery and Mr. Antonucci alleges that this discovery unearthed new instances of fraud on the Defendant's part. They include:

- the failure to disclose monthly cash received from the Defendant's mother in law;

- the failure to disclose substantial other income received by the Debtor and deposited in the form of cash at an account at KeyBank;

- the under-reporting of income for 2017 on his Statement of Financial Affairs by at least half;

- his payment of a third mortgage and certain utilities despite previously stating in his answer to the Trustee's complaint that his wife was paying current household expenses; and

- the failure to disclose income received from Carbone Bros.

Comp. ¶¶ 21- 39.

A comparison of the allegations of fraud itemized in the complaint with those alleged in the motion reveals that the complaint pleads different instances of fraud. That raises the question of whether res judicata applies where new evidence is offered to support a cause of action previously ruled upon. The Third Circuit has not ruled on

whether newly discovered evidence can constitute an exception to res judicata.[5] Courts that have dealt with this question have made clear that "[n]ewly discovered evidence does not prevent the application of res judicata, 'unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence.'" *Bosley v. The Chubb Inst.*, 516 F. Supp. 2d 479, 484–85 (E.D. Pa. 2007) quoting *Borough of Lansdale v. PP & L, Inc.,* 426 F.Supp.2d 264, 307 (E.D.Pa.2006) (quoting *Haefner v. N. Cornwall Twp.,* 40 Fed.Appx. 656, 658 (3d Cir.2002)).

As to why this new evidence was not known to Mr. Antonucci earlier in the main case, the complaint is silent. He alleges only that during the deposition of the Defendant's wife, in June of this year, Mr. Antonucci first learned of these new frauds. Comp. ¶ 20. But the allegation begs the question of why he did not investigate on his own and much sooner. This Court's previous order denying his motion to revoke discharge found that Mr. Antonucci was involved in the main case well before discharge was entered. *See* Order Denying Motion to Revoke Discharge at p. 7 n.4 (finding that Mr. Antonucci's motion alleged that he learned of the fraud at the 341 meeting at which he attended and with his attorney). The docket reflects that he was added to the creditor matrix one month before the objection deadline and more than two weeks before the date of the continued creditors meeting. Yet there is no allegation explaining why he did not request an extension of the deadline to object to discharge or to investigate the fraud that "became apparent" at the 341 meeting. Am. Mot. to Vacate Order of Discharge ¶ 5; *see also* B.R. 4004(b) (allowing for extension of time to object to discharge both before the deadline to object as well the time between the expiration of

---

[5] The Third Circuit recently noted in a non-precedential opinion that it has not answered the question. *Crimone v. McCabe Weisberg & Conway, P.C.*, 737 Fed.Appx. 107, 110 (3d Cir 2018)

5

that deadline and the entry of the order of discharge). Such an extension would have given the Mr. Antonucci the opportunity to undertake discovery of both the Defendant and his wife. *See* B.R. 2004(a), (b) (permitting a "party in interest to examine any entity … relat[ing] to the acts, conduct, or property or to the liabilities and financial condition of the debtor"); *see also In re Millennium Lab Holdings II, LLC,* 562 B.R. 614, 626 (Bankr. D. Del. 2016) (noting the broad scope of Rule 2004). There is no allegation that Mr. Antonucci sought such relief and that it was denied to him. To the contrary, had he requested an extension of time to object and to examine the Defendant and his wife, the Court would have granted him that relief. So it is quite possible that the new evidence of fraud discovered by the Trustee in June 2019 would have been discovered by Mr. Antonucci many months earlier and in time to object to discharge. Instead, the docket reflects that Mr. Antonucci would wait the full one year after entry of discharge before filing this complaint to revoke discharge. That hardly alleges diligence on Mr. Antonucci's part. For that reason, he will be precluded from seeking to revoke the Defendant's discharge.

*Motion to Dismiss*
*Under F.R.C.P. 12(b)(6)*

Even were the claims not precluded, Defendant argues that they fail to state a cause of action. To plead a claim under Rule 8[6] of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl.*

---

[6] Made applicable to adversary proceedings by B.R. 7008.

6

*Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

The Third Circuit has outlined a three-part test in deciding a motion to dismiss pursuant to Rule 12(b)(6):

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) quoting *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir.2010)

*Legal Sufficiency*
*Of Count I*

The first count seeks to revoke the discharge on the grounds that "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C.A. § 727(d)(1). "As the statute's structure suggests, a complaint under § 727(d)(1) must allege two elements: "(1) that the discharge was obtained through fraud; and (2) that the [plaintiff] lacked knowledge of [the] fraud until after the discharge was granted." *In re Zilberbrand*, 602 B.R. 53, 57 (Bankr.N.D.Ill. 2019). Defendant maintains that neither element is sufficiently plead: the count does not alleged how the omitted information resulted in Debtor getting his discharge. Neither does it to allege that the creditor exercised the requisite diligence attempting to discover the alleged frauds before the time to object had expired. Def.'s Br. 5-8.

7

As to the first element, the complaint must allege *procurement of the discharge through fraud*, and not the defrauding of a creditor. *See In re Fellheimer*, 443 B.R. 355, 367-68 (Bankr.E.D.Pa. 2010). In other words, it must be alleged that if interested parties knew of fraud on the debtor's part and that such fraud constituted grounds for denial of discharge as set forth in § 727(a), then they would have objected to the grant of discharge and the debtor would be have been denied that relief.

The fraud that Count I alleges is the failure to disclose various sources of income. Comp. ¶¶ 21-39. Disclosure of such information is required by § 521(a)(1) (requiring the debtor to file a list of creditors, a schedule assets and liabilities, a schedule of current income and current expenditures and a statement of the debtor's financial affairs) and B.R. 1007. Most importantly, such disclosures must be verified or made under oath. B.R. 1008. Where these disclosures contains falsehoods, they constitute a false oath or account and furnish the basis for denial of discharge. *See, e.g., In re Luby*, 438 B.R. 817, 833 (Bankr.E.D.Pa. 2010) (finding debtor guilty of making false oath for failure to disclose all assets and thereby denying debtor a discharge under 11 U.S.C. § 727(a)(4)). So had this been known to the Trustee or a creditor prior to discharge, they would have challenged his right to a discharge for that reason. Comp. ¶ 49 (alleging that the intentionally misleading disclosures prevented creditors from being able to make an accurate determination as to whether to proceed against the debtor). For purposes of judging this pleading, the Court presumes that any creditor objecting to discharge on that basis would have been successful. That alleges that this Debtor procured his discharge by means of fraud.

But it is on the second element where this count falters. That element requires that the plaintiff "not know of the fraud until after the granting of the discharge." *Zilberbrand*, supra, 602 B.R. at 57 quoting *Collier on Bankruptcy* ¶ 727.17[3] at 727-80 (16th ed. 2019). The allegation is that Mr. Antonucci would not learn of these frauds until June 2019; that is, when the Trustee deposed the Defendant's wife in a related proceeded and obtained this new information. Here, again, this Court's previous finding of a lack of diligence on Mr. Antonucci's part in uncovering the alleged "new" fraud is dispositive. There is no allegation as to why he did not try to obtain the same information before the discharge was granted. So even were it not precluded, Count I fails to state a claim for the revocation of discharge pursuant to 11 U.S.C. § 727(d)(1).

*Legal Sufficiency*
*Of Count II*

Alternatively, the Complaint maintains that the discharge should be revoked because the Debtor

> acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee

11 U.S.C.A. § 727(d)(2). Section 727(d)(2) is generally applicable where estate property is acquired by the debtor after filing. *In re Aloia*, 496 B.R. 366, 384 n. 10 (Bankr. E.D. Pa. 2013) quoting 4 *Norton Bankr. L. & Prac*. 3d § 86:23 (2013). It likewise applies to a debtor's entitlement to estate property. *In re Russo*, 2008 WL 5412106, at *8 (Bankr.E.D.Pa. Oct. 20, 2008); *see also See In re Klages,* 381 B.R. 550, 554 (B.A.P. 8th Cir.2008) (discharge revoked after debtor failed to report receipt of tax refund); *In re*

*Argiannis,* 183 B.R. 307, 312 (discharge revoked for debtors' failure to report post petition rents).

The Defendant makes two points in arguing that this count is deficient. First, as a general matter, it fails to list what non-disclosed estate property he is alleged to have failed to turnover. Second, and in specific, to the extent that among the allegations in support of Count II is the claim that the Debtor has failed to turnover post-petition wages or other earnings accrued after the bankruptcy filing, such property is not part of the bankruptcy estate. Def.'s Br. 8-9.

In considering the Defendant's general objection to Count II, the Court is constrained to agree with the Defendant: the count does not specify what property of the estate the Defendant received post petition and failed to turnover to the trustee. This is crucial because the requisite mental state for this cause of action is fraud. Where fraud is part of the plaintiff's case, F.R.C.P. 9[7] requires pleading the "circumstances constituting fraud" such as the "who, what, when, where, and how." *In re Dulgerian,* 388 B.R. 142, 147 (Bankr.E.D.Pa.2008) (citing *In re Rockefeller Center Properties, Inc. Sec. Litig.,* 311 F.3d 198, 217 (3d Cir.2002)); *In re Feldman*, 500 B.R. 431, 434 (Bankr. E.D. Pa. 2013). This serves to notify the defendant "of the precise conduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)

Count II contains none of that. It alleges that Carbone Bros—the entity which Debtor stated was defunct but is still operating—has been providing him with "significant funds." ¶¶ 32-33. However, the dates and amounts of these alleged payments are not stated. Instead, the count jumps to a discussion of two real estate developments

---

[7] Made applicable to adversary proceedings by B.R. 7009.

undertaken by Carbone Bros. ¶¶ 34-38. As to whether these two real estate developments are the source of the alleged "significant income" paid to the Defendant is never alleged. It is not even alleged whether either property was ever sold. This matters because if these alleged payments were either proceeds or profits from the sale of those developments then they would constitute property of the estate. *See* 11 U.S.C § 541(a)(6) (including among property of the estate proceeds or profits from property of the estate). But if the payments constitute earnings from services performed post-petition then they would not. *Id.* (excluding post-petition earnings from property of the estate) So the allegations are either so thin or disjointed that they cannot be read to allege that the Defendant obtained estate property and failed to turn it over to the Trustee. On that basis, the Court finds that Count II fails to state a claim under § 727(d)(2).

*Summary*

Even assuming that the Complaint stated a cause of action for revocation of discharge under either § 727(a)(1) or (a)(2) of the Bankruptcy Code, it is precluded by the Plaintiff's earlier, unsuccessful attempt to obtain the same relief. So, for alternative reasons, the Complaint will be dismissed.

An appropriate Order follows.

BY THE COURT

Dated: December 11, 2019

Jean K. FitzSimon
United States Bankruptcy Judge

11

Copies to:

<u>Plaintiff's Counsel</u>
Michael W. Gallagher, Esquire
401 West Johnson Highway
Suite 4
East Norriton, PA 19401

<u>Defendants' Counsel</u>
Joseph L Quinn, Esquire
Ross, Quinn & Ploppert, P.C.
192 S. Hanover Street, Suite 101
Pottstown, PA 19464
Email: CourtNotices@rqplaw.com